**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAWUD AMEEN HUSAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01124-HEA |
| | ) | |
| A. GHOLSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants A. Gholson, Tonya McMiller, and Erika Moore's motions to dismiss plaintiff's second amended complaint. The matter is fully briefed and ready for disposition. For the following reasons, the Court will grant defendants' motions to dismiss.

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th

Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

### The Second Amended Complaint

Plaintiff Dawud Ameen Husain, currently incarcerated at the Southeast Correctional Center, brings this § 1983 claim stating he was arrested without a warrant on May 31, 2022 and August 3, 2022. Plaintiff characterizes these arrests throughout the second amended complaint as invasions, trespasses, seizures, and kidnappings. He brings these claims against defendants A. Gholson (Police Officer); Tonja McMiller (Supervisor, Board of Probation and Parole); and Erika Moore (Employee, Board of Probation and Parole). He sues all defendants in both their official and individual capacities.

Plaintiff's second amended complaint is twenty-two pages, but includes very little factual content. He states that he was arrested by defendant Gholson in Bridgeton, Missouri on May 31, 2022. Gholson informed McMiller and Moore, who are presumably plaintiff's probation officers. Plaintiff's allegations concerning his second arrest on August 3, 2022 similarly lack factual content. He states defendant McMiller kidnapped and arrested him at 8501 Lucas and Hunt Boulevard in Jennings, Missouri. As for defendant Moore, plaintiff states she was also involved in his arrest on August 3, 2022. He states she "initiated and/or was instrumental in the quasi-prosecution and/or quasi-adjudication of Plaintiff without due process of law or a trial by jury."

Plaintiff identifies his injuries as "loss of his enjoyment of his Rights to be secure in his person, papers, and effects against unreasonable searches and seizures," the loss of his inalienable rights, and the loss of his constitutional rights. For relief, he seeks to be released from his "unlawful restraint" before August 5, 2024. He also seeks damages of $75,000 per day dating from August 3, 2022 and punitive damages of an undetermined amount.

## Discussion

In their motions to dismiss, defendants state that plaintiff has not alleged any specific facts and only conclusory statements. They state that even accepting all plaintiff's allegations as true, the second amended complaint does not state a plausible claim for relief.

Although civil rights pleadings should be construed liberally, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Like the complaint in *Ashcroft v. Iqbal*, which alleged that supervisory officials "knew of, condoned, and willfully and maliciously agreed to subject the plaintiff to harsh conditions for an illegitimate reason," plaintiff's second amended complaint similarly alleges legal conclusions that are not entitled to a presumption of truth. 556 U.S. 662, 680 (2009). As an example of these conclusory allegations, plaintiff states defendants Moore and McMiller:

> In and/or with the invasion, trespassing, and/or violation of Plaintiff's Rights secured, protected, and upheld by the provisions of the Articles of the Bill of Rights, [defendant], a Public Officer, along with the assistance of a Jennings' Police Officer by way of fraud, trespass vi et armis, color of authority, and color of state law, was instrumental directly, and/or indirectly, in causing, contributing, and/or effecting Plaintiff to be seized, kidnapped, and/or restrained of his liberty, disguised as an arrest, without a warrant and no lawful cause to do so. [Defendant] did arbitrarily accuse, prosecute, judged, juried, and executed punishment upon Plaintiff by arbitrarily seizing him using arbitrary methods of prosecuting pretended offenses, and upon arbitrary convictions without personally

-3-

witnessing Plaintiff engaged in any criminal act, disturbing the peace, wanted for treason, and no exigent circumstances existed . . . .

(2d Am. Compl. at 14, 17).

These allegations wholly lack factual support and are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. Even self-represented plaintiffs are required to allege facts in support of their claims. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

The Court has thoroughly reviewed plaintiff's second amended complaint. Liberally construed, the complaint asserts only conclusory allegations against defendants. These allegations do not reach the level of plausibility needed to state a claim under *Iqbal*. The only facts alleged are that plaintiff was arrested without a warrant on two occasions in Jennings, Missouri. Plaintiff does not allege what he was doing, who called the police, how police responded, what he was arrested for, whether he was restrained, what he was charged with, or the circumstances surrounding any conviction or revocation of probation or parole. The Court cannot find any facts to suggest that defendants violated plaintiff's constitutional rights.

As a result, the second amended complaint fails to state a plausible claim that defendants violated plaintiff's constitutional rights. For this reason, the Court will grant defendants' motions to dismiss and dismiss plaintiff's complaint under Federal Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss are **GRANTED**. [ECF Nos. 12 and 19]

**IT IS FURTHER ORDERED** that plaintiff's second amended complaint is **DISMISSED** for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

**IT IS FURTHER ORDERED** that defendant Gholson's motion to strike the second amended complaint is **DENIED as moot**. [ECF No. 13]

**IT IS FURTHER ORDERED** that plaintiff's petition for preliminary injunction and permanent injunctive relief is **DENIED as moot**. [ECF No. 21]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 5th day of   February, 2024.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE